UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| RUBEN HERRERA and ORALIA QUEZADA, individually and as next friends for their minor child, J.H., <br><br> Plaintiffs, <br><br> v. <br><br> GADSDEN INDEPENDENT SCHOOL DISTRICT <br><br><br><br> Defendant. | Hon. _____ <br><br> Civil Action No.: 2:24-CV-127 <br><br> **CIVIL ACTION** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, RUBEN HERRERA and ORALIA QUEZADA, individually and as next friends for their minor child, J.H., by and through their undersigned counsel, hereby bring this action for damages and other legal and equitable relief against the Defendant, GADSDEN INDEPENDENT SCHOOL DISTRICT. Based on personal knowledge as to facts pertaining to them, and upon information and belief as to all other matters, Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages against the Defendant, GADSDEN INDEPENDENT SCHOOL DISTRICT, which at all times was acting under color of State law.

1

2. This Court has original subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, as the case involves a federal question.

3. Venue is proper in this court under 28 U.S.C. 1391(b)(1) & (b)(2), as, upon information and belief, Defendant is domiciled in this district and the actions or occurrences giving rise to Plaintiffs' claims as complained of herein occurred within this district.

### PARTIES

4. Plaintiffs, RUBEN HERRERA and ORALIA QUEZADA, are adult resident citizens of Doña Ana County, New Mexico, with a residential address of 177 Aspen Drive, Sunland Park, New Mexico 88063.

5. Further, Plaintiffs are the parents of J.H., their minor son.

6. Upon information and belief, Defendant, GADSDEN INDEPENDENT SCHOOL DISTRICT (hereinafter, "Gadsden ISD" or "the District"), is a school district located in Doña Ana County, New Mexico, which, pursuant to NM Stat § 22-5-4(E), has the capacity to sue or be sued.

### GENERAL FACTUAL ALLEGATIONS

7. J.H. is a student within the Gadsden ISD, specifically, at Desert View Elementary School.

8. On January 17, 2023, J.H., then six (6) years-old, was sexually harassed by another boy in his class.

9. More specifically, the incident occurred during recess while the children were inside, watching a movie.

10. Another boy touched and/or fondled J.H.'s genital area.

11. J.H. told the boy to stop, and that he (J.H.) would tell his mom.

12. In response, the other boy threatened that he would touch J.H.'s butt next if he told anyone.

13. J.H. told his parents about the incident as soon as they picked him up from school that day.

14. That same afternoon, plaintiffs met with J.H.'s teacher, Anna Valdez, counselor, Nora Flores, and assistant principal, Esmeralda Frias.

15. The assistant principal was dismissive of Plaintiffs' concerns, stating, essentially, that, "boys will be boys", and that they can be rambunctious.

16. The counselor said she would make the other boy sign a "No Contact Order" to prevent further interaction between the two.

17. Despite this, however, the school initiated no investigation until several months later, and Plaintiffs did not hear from the Title IX coordinator, Brenda Mejia, for months.

18. It was not until September, 2023 – nine (9) months from the incident – that a resolution was reached. The title IX complaint was dismissed although the children were still to be kept apart at all times.

19. As an initial matter, the Title IX coordinator produced an investigative summary that had multiple incorrect statements contained within it.

20. She concluded that the incident did not rise to the level of a Title IX investigation.

21. Despite this conclusion, school staff make sure that the boys are never in the same room together, and felt that a "No Contact Order" was necessary.

22. Plaintiffs had to wait nine months for this matter to be resolved, which caused all of them extreme emotional distress and anxiety.

23. Shortly after the January 17th incident, Plaintiff Oralia Quezada, J.H.'s mother, saw the other boy's mother at the post office.

24. Plaintiff Quezada talked to the boy's mother in a nonconfrontational manner as she wanted to make sure she knew about the incident between their respective sons.

25. The school principal, Veronica Gonzalez, later claimed that the mother complained about Plaintiff, saying Plaintiff had been confrontational, despite this not being the case at all.

26. Even though communications between parents which occur outside of the school are none of the school's concern, Principal Gonzalez got angry with Plaintiff Quezada, saying that she needed to remove J.H. from the school.

27. In other words, J.H., who was the victim of unwanted fondling of his genitalia by a fellow male classmate, faced dismissal from the school for his mother having had a cordial conversation off school grounds.

28. Put simply, J.H. has a right to attend school at Desert View Elementary, and heretofore, had been permitted to do so because Plaintiff Quezada taught there, irrespective of the fact that there is another school closer to where he lives.

29. The District declared that Principal Gonzalez was in error and that J.H. had the right to stay in school at Desert View; however, it again took nine (9) months for them to make that official finding.

30. The District is also trying to force Plaintiffs to sign an in-district transfer in order to stay at Desert View, which they should not have to do.

31. In apparent retaliation for Plaintiffs' complaints about the valid issues, the school issued a "No Trespassing Order" against Plaintiff, Ruben Herrera, in August of 2023, despite Plaintiff Herrera having done nothing to warrant such an order.

32. As a result of this unjust restriction, Plaintiff Herrera is not allowed to take his own children to school.

33. This has caused significant hardship on the Plaintiffs as, recently, Plaintiff Quezada had surgery and was unable to take the children to school herself.

34. Since neither parent could take them, the children were marked absent, and the school refused to accommodate them, despite the absence being occasioned largely as a result of the school's own doing.

35. On October 16, 2023, J.H. was again abused by another student.

36. This time, the other student hit J.H. repeatedly, causing redness and bruising all over his arms.

37. Together, the sexual assault of January 17, 2023, and the physical assault and battery of October 16, 2023, illustrate the Defendant's utter negligence in failing to protect J.H. from injury while a student within their care, custody, and control, in violation of the requirements of Title IX.

## CAUSES OF ACTION

### COUNT I
### Violation of the Education Amendments of 1972 (Title IX)
### (20 U.S.C. § 1981, *et seq.*)

38. Plaintiff incorporates the foregoing paragraphs by reference, as if set forth fully herein.

39. The Defendant, as a recipient of federal funding, owes Plaintiff a duty to ensure that he is not deprived of access to the educational benefits or opportunities provided by the school on the basis of sex.

40. School officials with authority to take corrective action and Defendant were put on actual notice of severe and objectively offensive sexual harassment and abuse that took place on January 17, 2023.

41. The sexual harassment and abuse of which the Defendant had actual notice was unwelcome conduct based on J.H.'s sex and was so severe, pervasive and objectively offensive as to deprive J.H. of access to the educational benefits and opportunities provided by the Defendant.

42. Defendant acted with deliberate indifference to the actual knowledge of the severe and objectively offensive sexual harassment and abuse to which J.H. was subjected. Specifically, Defendant was deliberately indifferent when its officials waited eight months to investigate Plaintiffs' Title IX complaint.

43. Defendant was put on actual notice that school officials retaliated against plaintiffs for their Title IX complaint by demanding that J.H. change schools and issuing an unwarranted no trespass order to Plaintiff Ruben Herrera. Defendant was

deliberately indifferent to the retaliation when it failed to discipline Principal Gonzalez and failed to lift the no trespassing order.

44. Plaintiff J.H. has suffered damages due to lost educational opportunity, as the incident and Defendant's lack of response has made school an incredibly stressful experience, making it hard for J.H. to perform. His parents have had to get him therapy in order to move past this incident. Plaintiff, Ruben Herrera, and Plaintiff Quezada have also had to pay for therapy for themselves to deal with the health consequences of these events.

## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiffs respectfully pray that the court would enter a judgment for the following damages:

I. For judgement against the Defendant for general, compensatory, and punitive damages, with interest;

II. Reasonable attorney's fees and costs of suit pursuant to 18 U.S.C. 2255; and

III. For such other further relief as the Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Respectfully submitted,

/s/ *Karlos Ulibarri*
KARLOS ULIBARRI, ESQ.
NM State Bar No. 14717
ULIBARRI LAW OFFICE
812 Marquette Avenue NW

Albuquerque, NM 87102
(T) (505) 514-6614 | (F) (505) 395-7447
kulibarri@msn.com

/s/ *Kristi Kay Kneedler*
KRISTI KAY KNEEDLER, ESQ.
TX State Bar No. 24107834
(*Pro hac vice to be applied for)*
LENTO LAW GROUP, P.C.
Wells Fargo Plaza
221 N. Kansas Street, Suite 700
El Paso, TX 79907
(T) (915) 206-3510 | (F) (915) 206-3511
kkneedler@lentolawgroup.com