UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Before the Honorable Gregory J. Fouratt**
United States Magistrate Judge

**Clerk's Minutes**

**Civ. No. 24-127 GBW/GJF**

*Herrera v. Gadsden Independent School District*

**Date of Hearing: October 1, 2025**
*Zoom in Gila Courtroom*
ABQ-Gila_20251001_095346

**Attorneys for Plaintiffs**:   Karlos Ulibarri
                               Dolores Bojazi

**Attorneys for Defendant**:   Kateri Garcia West
                               Denise Michelle Chanez

**Proceedings**:   Motions Hearing
*Start Time*:     9:58 a.m.
*Stop Time*:      10:48 a.m.
**Total Time**:   **50 minutes**

**Clerk**:        VJL

**Notes:**

Motions to be heard: (1) Defendant's *Motion to Compel Discovery and Depositions from Plaintiffs* (Dkt. No. 63), (2) Plaintiffs' *Request to Adjourn Scheduling Deadlines* (Dkt. No. 72), and (3) Pre-settlement conference status conference.

9:58 a.m. The Court is in session. The Court takes role. "Sal Raie" entered the Zoom hearing but did not respond when the Court asked him to communicate via audio or video. The Court announced that it would consider that Mr. Raie failed to appear for the hearing and put him in the waiting room.

The Court set out the six components for the hearing: (1) determine who represents Plaintiffs and the plan going forward for representation; (2) determine what is left over as to Defendant's motion to compel; (3) discuss the imposition of attorney's fees under Rule 37; (4) discuss Ms.

Bojazi's motion to extend deadlines; (5) discuss what is to happen with the settlement conference; and (6) address Mr. Ulibarri's motion to withdraw.

The Court first addresses the issue with the docket still listing Sol Raie as counsel. Ms. Bojazi and Mr. Ulibarri each address the issue. The Court asks whether Plaintiffs believe themselves to be represented by Mr. Raie. Mr. Ulibarri replied that he does not know. The Court discusses the unusual situation. Ms. Chanez suggests having the Lento Law Group use contact information for Mr. Raie and work with him to file a substitution of counsel by a deadline set by the Court.

**The Court states that it is going to impose attorney's fees against the Lento Law Group under Rule 37 based on Defendant's motion to compel.** The Court explains that it does not believe Ms. Bojazi bears 100% of the responsibility.

**The Court will give the Lento Law Group until Oct. 31, 2025, to communicate with Mr. Raie to get him to file a motion to withdraw. The Court will help induce compliance by ordering Mr. Raie to appear in person in the District of New Mexico in Las Cruces *if he does not timely withdraw*. <u>The Court warns that Mr. Raie's failure to withdraw could result in the Court communicating with the relevant State Bar organizations concerning issues with Mr. Raie's performance.</u>**

10:09 a.m. The Court turns to the issue of Harry Cooper not filing a motion to withdraw. Ms. Bojazi responds that she can reach out to Mr. Cooper about moving to withdraw.

**The Court states that it will also require Mr. Cooper to appear in the District of New Mexico *if he does not file a motion to withdraw by October 31, 2025*.**

The Court then asks about Mr. Katz and whether he will enter his appearance in the case. Ms. Bojazi replies that Mr. Katz works at the firm and helps with depositions, among other things, but he will not enter the case. The Court then asks whether it is Ms. Bojazi's intention to represent Plaintiffs through the end of the case, and she replied that, yes, this case file has been completely assigned to her.

10:12 a.m. The Court then states its concern about the quality and stability of Plaintiffs' representation since last winter and asks what assurances Ms. Bojazi can give that the representation of Plaintiffs will improve. Ms. Bojazi responds that, although she cannot speak to what happened before, she will follow the file from beginning to end and get up to speed. The Court asks whether she had established contact with her clients. Ms. Bojazi acknowledges that she has had only email contact with her clients. The Court discusses the need to move this two-year old case forward.

10:16 a.m. The Court asks Ms. Chanez if she has additional questions about Plaintiffs' representation and whether the parties have talked settlement yet.

10:17 a.m. Next, the Court turns to Defendant's motion to compel and asks what remains outstanding. Ms. West addresses procedural history involving discovery issues. She explains that the defense is still working with the medical providers to obtain records. The depositions took place last month, but the defense asked to hold open the depositions pending receipt of the medical records. Ms. West notes that the defense served additional discovery as a result of the depositions, which is due October 20th, but they have not yet received a response by Plaintiffs regarding the new discovery requests. Ms. West says that most answers were addressed, but that in addition to seeking costs for the unnecessary motion, the defense asks that the Court deem all RFAs admitted for failure to timely respond or object.

10:21 a.m. The Court confirms there were two outstanding matters from the motion to compel: first, whether to impose fees and how much, and second, how many RFAs to deem admitted. The Court asks whether the school district is seeking to depose anyone else, and Ms. West replied that the defense was not at this time, but it might depose an expert, if identified by Plaintiff. The Court asks whether Plaintiffs have taken any depositions. Ms. West replied that Plaintiffs had not and had not served discovery in this case. The Court then addresses issue of sealing references to minors' names.

10:26 a.m. The Court asks Ms. Bojazi questions about the motion to compel, the reasons for the lack of a response, and the local rule that failing to file a response constitutes consent to grant the motion. Ms. Bojazi asks that her clients not be prejudiced based on whatever was happening at the Lento Law Group.

10:31 a.m. **The Court finds that the motion to compel is not moot and prompted discovery responses. The Court states that, in its discretion, it will <u>not</u> deem every request for admission to be admitted based on untimeliness. It will thus permit Plaintiffs to maintain denials to the RFAs they belatedly denied, but otherwise the Court will grant the motion to compel.**

The Court, under Rule 37, gives Plaintiffs a chance to respond. Ms. Bojazi replies that she will defer to the Court given the history of the case.

The Court instructs Ms. West to submit an affidavit or declaration supporting the time the defense spent preparing the motion to compel and reply and any hours associated with that. Ms. West asks whether to include time for good faith correspondence. The Court replies that it thinks all that is compensable. The Court discusses with the parties the timing of the declaration and response.

**The Court orders that Ms. West file her submission by Monday, Oct 6th, and that Ms. Bojazi's response is due Tuesday, Oct 7th.** The Court notes that its order will forbid the Lento Law Group from passing on any sanctions to their clients.

10:38 a.m. The Court addresses Plaintiffs' motion to extend deadlines. Ms. Bojazi updates the Court that she had to reschedule her medical procedure until January and that she no longer needs to move any deadlines. Ms. Chanez agrees that the current deadlines are workable.

**The Court states that, aside from the settlement conference, it will consider the motion to adjourn deadlines to be moot and will deny the motion.**

10:40 a.m. The Court discusses rescheduling the in-person settlement conference. Ms. Bojazi suggests November 24 or 25th as possible dates, but Ms. Chanez will need to confer with several people.

**The Court orders Ms. Chanez to send an email to Ms. Bojazi and the Court on or before Oct. 6th as to which dates the defense prefers.** The Court will then issue an amended order setting the settlement conference.

10:44 a.m. The Court turns to Mr. Ulibarri's motion to withdraw. The Court asks whether Mr. Ulibarri had obtained his clients' consent to withdraw. Mr. Ulibarri responded in the negative. **The Court said that, as a threshold matter, Mr. Ulibarri needs to refile his motion stating the position of his clients.** The Court inquires as to Ms. Bojazi's position on the motion. Ms. Bojazi says she will not oppose the motion so long as their clients consent to it.

**The Court instructs Ms. Bojazi to begin looking for local counsel with a deadline of November 7th to substitute local counsel. Mr. Ulibarri will remain as local counsel until Nov. 7th or until the entry of substitute local counsel, whichever comes first.**

10:47 a.m. The Court asks if there is anything else to address. Only Ms. West has a matter – the defense's outstanding additional discovery request. Ms. Bojazi states that it is being worked on and should be timely produced.

10:48 a.m. Court is in recess.