UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN HERRERA and ORALIA
QUEZADA, individually and as next
friends for their minor child, J.H.,

      Plaintiffs,

v.                                                                           No. 2:24-cv-127 GBW/GJF

GADSDEN INDEPENDENT SCHOOL
DISTRICT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the following motions: (1) Defendant's *Motion to Compel Discovery and Depositions from Plaintiffs* (Dkt. No. 63); (2) Plaintiffs' *Request to Adjourn Scheduling Deadlines* (Dkt. No. 72); (3) the *Motion to Withdraw as Local Counsel for the Plaintiffs and Local Counsel for the Lento Law Group, P.C. by Attorney Karlos Ulibarri* (Dkt. No. 81); and (4) Plaintiffs' *Withdrawal of Attorney* (Dkt. No. 83). On October 1, 2025, this Court held a Zoom hearing and heard argument on the motion to compel, the request to extend deadlines, and the motion to withdraw as local counsel. The Court ruled on the motions at the hearing. For the reasons stated at the hearing and given herein, the Court will (1) deny Defendant's requests to order Plaintiffs to further answer all interrogatories and requests for production without objection and to deem all requests for admission conclusively admitted but will otherwise grant the motion to compel, (2) deny the motion to adjourn deadlines as moot, and (3) deny without prejudice the motion to withdraw as local counsel. After the hearing, Plaintiffs filed the *Withdrawal of Attorney* (Dkt. No. 83), requesting to withdraw Solieman Raie as counsel in the case. The Court finds the

request well-taken and will grant the unopposed motion to withdraw Mr. Raie as counsel for Plaintiffs.

## I. BACKGROUND

This case arises out of Gadsden Independent School District's handling of an alleged sexual harassment and abuse incident that occurred on January 17, 2023, between Plaintiffs' minor son, J.H., then six years old, and the perpetrator, a classmate and minor child. *See* Compl., Dkt. No. 1. Plaintiffs brought a one-count complaint against Defendant for violation of Title IX, 20 U.S.C. § 1981, *et seq. Id.* Plaintiffs allege "Defendant acted with deliberate indifference to the actual knowledge of the severe and objectively offensive sexual harassment and abuse to which J.H. was subject" and for retaliation against Plaintiffs for filing their Title IX complaint. *Id.* ¶¶ 38-44.

## II. PROCEDURAL BACKGROUND

Plaintiffs were initially represented by Karlos Ulibarri, who filed the Complaint and is local New Mexico counsel, and Kristi Kneedler and Joseph Cannizzo, Jr., from the Lento Law Group. *See* Associations, Dkt. Nos. 3, 7. Subsequently, Ms. Kneedler and Mr. Cannizzo withdrew from the case (Dkt. Nos. 17, 18, 11, 13). Another attorney from the Lento Law Group, Samuel D. Jackson, also entered and exited the case (Dkt. Nos. 12, 53).[1]

This Court entered a Scheduling Order (Dkt. No. 37), with an initial discovery deadline of May 15, 2025. Defendant served its First Set of Interrogatories, Requests for Production, and Requests for Admission to Ruben Herrera and Oralia Quezada on March 12, 2025. Certificate of Service, Dkt. No. 42. The next day, Soleiman Raie of the Lento Law Group entered the case, associating with Mr. Ulibarri. Association, Dkt. No. 43.

---

[1] An *Association of Attorney Licensed Outside the District for Plaintiff Ruben Herrera* (Dkt. No. 41) was entered on the docket by Karlos Ulibarri on January 28, 2025, for John T. Fisher of the Lento Law Group. Mr. Ulibarri, however, never properly completed the Association of Attorney Fisher, and Mr. Fisher never officially entered the case.

On April 1, 2025, then-defense counsel filed an unopposed motion to withdraw (Dkt. No. 48), which the Court granted the same day (*see* Order, Dkt. No. 49). Current defense counsel, Denise M. Chanez, Patrick Coronel, and Kateri West, entered the case the next day. Notice, Dkt. No. 50.

Despite the substitution, on April 7, 2025, Plaintiffs produced proof of therapy visits and medical releases to the *previous* defense counsel. See Def.'s Ex. 2, Dkt. No. 63-2. On April 16, 2025, Ms. West sent a Good Faith Letter to Mr. Ulibarri, Mr. Jackson, and Mr. Raie, saying that Defendant had not received discovery responses by the April 11, 2025 deadline, and asking that they respond by April 30, 2025. See Def.'s Ex. 3, Dkt. No. 63-3. The same day, Ms. Chanez emailed them new authorizations to release medical records to current defense counsel. See Def.'s Ex. 4, Dkt. No. 63-4. After defense counsel conferred with Mr. Raie on April 17, 2025, the parties agreed that Plaintiffs would respond to discovery by May 16, 2025, and that Mr. Raie would provide dates for Plaintiffs' depositions in July. See Def.'s Ex. 5, Dkt. No. 63-5.

On April 21, 2025, the Court held a status conference attended by Mr. Raie and Ms. Chanez. Clerk's Minutes, Dkt. No. 54. Mr. Raie informed the Court that the parties had agreed to extend the deadline to respond to outstanding written discovery to May 16, 2025. *Id.* Because both parties had recently changed counsel, the Court entered an Amended Scheduling Order (Dkt. No. 55). The Court vacated the jury trial, (Order, Dkt. No. 56), and set a settlement conference on October 17, 2025, (Order, Dkt. No. 57).

Ms. West emailed Mr. Raie and Mr. Ulibarri on May 1, 2025, and again on May 13, 2025, seeking deposition dates for Plaintiffs. See Def.'s Ex. 6, Dkt. No. 63-6. On May 23, 2025, Ms. West emailed Mr. Raie a second Good Faith Letter, notifying him that defense counsel did not receive timely responses to written discovery or deposition dates, and asking for written discovery

3

responses by May 30, 2025. *See* Def.'s Ex. 7, Dkt. No. 63-7. Later that day, Dolores Bojazi of the Lento Law Group emailed defense counsel, informing them that Mr. Raie left the firm, that she believed she and Harry Cooper would handle the matter, and that they would attempt to meet the May 30, 2025 deadline. Def.'s Ex. 8, Dkt. No. 63-8.

On June 2, 2025, Ms. West emailed Ms. Bojazi, Mr. Cooper, and Mr. Ulibarri, among others, explaining that Plaintiffs did not meet the May 30th deadline, but that Defendant would extend the deadline an additional week to June 6. Def.'s Ex. 9, Dkt. No. 63-9. Ms. West warned that if Plaintiffs did not serve answers by June 6, Defendant would move to compel. *Id.* Ms. Bojazi replied that she would address the matter when she returned to the office in two days. *See id.* On June 9, 2025, Ms. West sent another email to Ms. Bojazi, Mr. Cooper, and Mr. Ulibarri, among others, saying that written discovery responses had not been received. *See* Def.'s Ex. 10, Dkt. No. 63-10 at 3 of 7. Ms. Bojazi responded that she would "status this" after her conference call. *Id.* at 2 of 7. Later that day, Ms. West emailed again, informing them all that Ms. West's firm had not received discovery, and noting that Mr. Raie had not withdrawn as counsel, nor had new counsel been substituted. *Id.* at 1 of 7. Mr. Ulibarri responded that he would "get the withdrawal completed and the PHV done." *Id.* Ms. Bojazi replied by email on June 10, 2025, that she was "on this today." Def.'s Ex. 11, Dkt. No. 63-11 at 1 of 8.

That same day, Ms. Bojazi entered the case on behalf of Plaintiff Herrera. Association, Dkt. No. 58. The next day, Harry Cooper, also of the Lento Group, entered the case on behalf of Plaintiff Quezada. Association, Dkt. No. 60. On June 24, 2025, Ms. West emailed Ms. Bojazi, Mr. Ulibarri, and Mr. Cooper, among others, informing them that Defendant would file the attached motion to compel unless they received dates for Plaintiffs' depositions, complete answers to outstanding

4

discovery, and an unopposed motion to withdraw and substitute Mr. Raie as counsel. Def.'s Ex. 11, Dkt. No. 63-11.

On June 30, 2025, Defendant filed a motion to compel under Federal Rule of Civil Procedure 37 (Dkt. No. 63). In the motion, Defendant sought: (1) a status conference to confirm Plaintiffs' representation by counsel; (2) an order compelling Plaintiffs to fully answer all interrogatories and requests for production ("RFPs") without objection and deeming all requests for admission ("RFAs") conclusively admitted; (3) an order requiring Plaintiffs to provide dates of availability for their depositions; and (4) an award of attorney's fees and costs associated with the motion. Def.'s Mot. 8, Dkt. No. 63.

Plaintiff Herrera served answers and objections to the discovery and asked if Defendant would be willing to withdraw its motion to compel. Def.'s Ex. 12 & 13, Dkt. Nos. 64-1 & 64-2. Of note, in Interrogatory No. 3, Mr. Herrera stated that Soleiman Raie assisted him in preparing the answers. Def.'s Ex. 13, Dkt. No. 64-2 at 3 of 21. Ms. West responded by email that she would not withdraw the motion because outstanding issues remained as to the medical releases still being in the name of the prior defense law firm, Mr. Raie still being counsel of record, and the failure to provide available deposition dates for Plaintiffs. Def.'s Ex. 14, Dkt. No. 64-3. Subsequently, Plaintiffs emailed the correct updated medical releases, (*see* Def.'s Ex. 15, Dkt. No. 64-4), and finally, on July 15, 2025, Plaintiff Quezada's answers were produced to Defendant, (*see* Def.'s Ex. 20 & 21, Dkt. Nos. 64-9 & 64-10).

Plaintiffs never filed a response to the motion to compel. Nonetheless, on July 28, 2025, Defendant filed a reply (Dkt. No. 64). Defendant explained therein that Plaintiff finally answered most of the written discovery and provided two dates in September to take Plaintiffs' depositions. *Id.* at 1. Nonetheless, Defendant asked that its motion be granted in full because of the inadequacy

of the responses to written discovery, the difficulty in getting the responses, the lingering questions about representation, and Defendant having incurred unnecessary costs associated with the motion. *Id.*

This Court held a hearing on the motion to compel on August 19, 2025, at which time Mr. Ulibarri and Mr. Cooper, who appeared, stated they were unprepared to proceed. Clerk's Minutes, Dkt. No. 68. Although a "Sal Raie" signed into the Zoom conference as a participant, he had no audio or video presence and was unresponsive to the Court's attempts to communicate with him through the Zoom platform. *Id.* Consequently, the Court found that Mr. Raie failed to appear at the hearing. *Id.* The Court rescheduled the hearing for September 4, 2025. Order, Dkt. No. 69. The day before the hearing, Plaintiffs emailed the Court, with defense counsel cc'd, asking to vacate and reschedule the hearing because Ms. Bojazi had a medical procedure scheduled and Mr. Cooper had left the firm. *See* Def.'s Ex. 2, Dkt. No. 77-2 at 1. The Court granted the request and rescheduled the hearing for October 1, 2025. Order, Dkt. No. 71.

Plaintiffs' depositions took place in September 2025. *See* Def.'s Resp. 5 n.2, Dkt. No. 77.[2] On September 11, 2025, Plaintiff Herrera filed a *Request to Adjourn Scheduling Deadlines* (Dkt. No. 72). The Court ordered expedited briefing on the request and ordered Mr. Ulibarri to file a notice stating whether Plaintiff Quezada joined in the motion. Order 1, Dkt. No. 72. Alternatively, the Court said if Ms. Bojazi intends to represent Ms. Quezada too, she should file an entry of appearance as to Ms. Quezada, and then she could file the notice. *Id.* n.1. Defendant filed a response opposing the motion (Dkt. No. 77). On September 25, 2025, Ms. Bojazi entered an appearance on behalf of Plaintiff Quezada and filed a notice on her behalf to join in the request to extend deadlines. Dkt. Nos. 79, 80.

---

[2] Because Plaintiffs' depositions have taken place since the filing of Defendant's motion to compel, Defendant's request for an order requiring Plaintiffs to provide deposition dates is moot.

6

On September 30, 2025, Mr. Ulibarri filed a motion to withdraw as counsel for Plaintiffs and as local counsel for the Lento Law Group (Dkt. No. 81). He asserted that his professional relationship with the Lento Law Group has deteriorated due to a repeated lack of communication by its management. *Id.* at 2. According to the motion, Defendant does not oppose the motion but asks that the Court impose a reasonable deadline for new local counsel to enter an appearance to avoid any further delay. *Id.* at 3.

At the October 1, 2025 motion hearing, the Court addressed the status of Plaintiffs' representation, the pending motions, and rescheduling the settlement conference. Clerk's Minutes, Dkt. No. 82. Regarding the motion to compel, the Court ruled that it would not deem every request for admission to be admitted based on untimeliness. *Id.* at 3. The Court said it will permit Plaintiffs to maintain their denials to the RFAs but otherwise will grant the motion to compel and award attorney's fees against the Lento Law Group under Rule 37. *Id.* The Court directed Ms. West to file an affidavit or declaration supporting the time the defense spent preparing the motion to compel, the reply, and associated work on or before October 6, 2025. *Id.* Ms. Bojazi's response, if any, is due October 7, 2025. *Id.* As for Plaintiffs' *Request to Adjourn Scheduling Deadlines*, Ms. Bojazi informed the Court that she no longer needs to move any deadlines. *Id.* at 4. The parties agreed that the current deadlines, aside from the settlement conference, are workable. *Id.* Accordingly, the Court ruled that the request to adjourn deadlines is moot and denied the motion. *Id.* The Court ordered Defendant to send an email to both Ms. Bojazi and to the Court on or before October 6, 2025, regarding the defense position on proposed dates for a settlement conference. *Id.* The Court notified the parties that it will issue an amended order rescheduling the settlement conference after it receives the parties' positions on the proposed dates. *Id.* Finally, the Court instructed Mr. Ulibarri to re-file his motion to withdraw to include the position of his clients on

7

the motion. *Id.* It further directed Ms. Bojazi to begin looking for alternative local counsel with a deadline of November 7, 2025. *Id.* The Court additionally ordered the Lento Law Group to communicate with Mr. Raie and Mr. Cooper to facilitate filing separate motions to withdraw as counsel in this case on or before October 31, 2025. (*Id.* at 2.)

The day after the hearing, Plaintiffs filed a *Withdrawal of Attorney* (Dkt. No. 83), noting that Ms. Bojazi consents to the withdrawal of Soleiman Raie as attorney for Plaintiffs and that the Lento Law Group, P.C., through Ms. Bojazi, will continue to represent Plaintiffs. Both Ms. Bojazi and Mr. Raie signed the request to withdraw. *Id.*

### III. STATUS OF PLAINTIFFS' REPRESENTATION AND MOTIONS TO WITHDRAW AS COUNSEL

At the October 1, 2025 hearing, the Court confirmed that neither Harry Cooper nor Solieman Raie work for the Lento Law Group and neither are representing Plaintiffs any longer. Ms. Bojazi has entered the case for both Plaintiffs and will continue representing them for the duration of the litigation. The day following the hearing, Plaintiffs filed a *Withdrawal of Attorney* (Dkt. No. 83), signed by Ms. Bojazi and Mr. Raie, noting the undersigned's consent to the withdrawal of Mr. Raie as attorney for the Plaintiffs. Mr. Ulibarri also seeks to withdraw as counsel for Plaintiffs and as local counsel for the Lento Law Group. Mr. Cooper has yet to file a motion to withdraw as counsel.

Under this District's Local Rules, an attorney licensed outside the district may associate with a member of the Federal Bar by following the procedures outlined in D.N.M.LR- Civ. 83.3. When a law firm has entered an appearance, a "member of a firm may file a withdrawal of appearance from a particular case without meeting the requirements of D.N.M.LR-Civ. 83.8, provided that at least one member remains in the case." D.N.M.LR-Civ. 83.4(b). Otherwise, to withdraw from an action when the client agrees, the attorney must file an unopposed motion to

withdraw and a proposed order, which must indicate, as relevant here, consent of the client and notice of appointment of substitute attorney. D.N.M.LR-Civ. 83.8(a). If the motion to withdraw is contested, the attorney "must file and serve on all parties, including the client, a motion to withdraw" that includes notice that objections thereto must be served and filed within 14 days and that failure to object timely constitutes consent to grant the motion. D.N.M.LR-Civ. 83.8(b). All attorneys practicing in this District must adhere to the Rules of Professional Conduct adopted by the New Mexico Supreme Court. D.N.M.LR-Civ. 83.9. Under Rule 16-116, a "lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation." NM R RPC Rule 16-116(C). Additionally, when terminating representation, a lawyer must take steps to the extent reasonably practicable to protect a client's interests, including giving reasonable notice to the client and allowing time for employment of other counsel. NM R RPC Rule 16-116(D).

      The Court finds that the *Withdrawal of Attorney* as to Mr. Raie complies with D.N.M.LR-Civ. 83.4(b). The motion is well taken, and the Court will grant Mr. Raie's withdrawal as counsel from the case.

      As for Mr. Cooper, the Court directs the Lento Law Group to communicate with him to facilitate the filing of a motion to withdraw Mr. Cooper as counsel of record. Should Mr. Cooper fail to file a motion to withdraw by October 31, 2025, the Court will enter an order to show cause and require the in-person presence of Mr. Cooper at a hearing on the matter in the District of New Mexico in Las Cruces.

      As for Mr. Ulibarri's motion to withdraw, he acknowledged at the hearing that he had not included in his motion the position of his clients regarding his request to withdraw, as required by Local Civil Rule 83.8. The Court denies without prejudice Mr. Ulibarri's motion to withdraw for

failing to adhere to the local rule. If he wishes, Mr. Ulibarri may file an amended motion to withdraw in accordance with Rule 83.8(a) or (b).

## IV.    MOTION TO COMPEL

### A. Legal Standard

Under Federal Rule of Civil Procedure 37(a)(3)(B), "if a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents" as requested under Rule 34, the party seeking discovery may file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). When a responding party objects to an interrogatory, the grounds for the objection "must be stated with specificity," and any ground "not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). When a party is properly served with written requests for admission and the party fails within 30 days to serve on the requesting party written answers or objections, the matter will be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). A court may order a longer time for responding. *Id.* A court also may permit withdrawal or amendment of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

Moreover, if a party, after being properly served with interrogatories or requests for production, "fails to serve its answers, objections, or written response," the court "must require" the opposing party or his or her counsel to pay the movant's reasonable expenses, including attorney's fees, incurred by their failure to respond. Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). The Court will not, however, order such payment if it can determine that the opposing party's failure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

B.  Analysis[3]

    1. **Request to compel Plaintiffs to fully answer all interrogatories and RFPs and to deem all RFAs conclusively admitted**

Defendant argues that, because the written discovery was produced well outside the 30-day window, and not until it filed its motion to compel, all objections that Plaintiffs raised were untimely and should be considered waived. Additionally, Defendant contends that all RFAs, even those Plaintiffs denied, should be deemed admitted based on untimeliness.

Turning to the objections, Plaintiffs each objected to Interrogatory Nos. 4, 7, and 9 for improperly seeking an overly broad and unduly burdensome narrative response. *See* Def.'s Ex. 13, Dkt. No. 64-2; Def.'s Ex. 21, Dkt. No. 64-10. These interrogatories asked to describe in detail, respectively, what occurred on January 17, 2023 (No. 4), what impact the January 17, 2023, incident had on J.H. (No. 7); and what impact the January 17, 2023, incident had on Plaintiff (No. 9). *See id.* Despite stating their objections, Plaintiffs provided an answer to each of the interrogatories. *See id.* Given the record, the Court does not find it necessary to order Plaintiffs to fully and completely answer all interrogatories without objection.

Turning to the RFAs, Plaintiffs each denied four RFAs. *See id.* (denying either in whole or in part RFA Nos. 3, 5, 7, and 8). Although the denials were untimely, Rule 36 does not require a court to automatically deem matters admitted when answers are untimely produced. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983)). District courts have discretion to permit a longer time for a

---

[3] Under this District's local rules, Plaintiff's failure to respond to the motion, "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). While belatedly, Plaintiffs ultimately did submit answers to the written discovery and Plaintiffs were deposed. This Court also heard arguments from the parties at the hearing on the motion. Consequently, the Court will not grant Defendant's motion in full based solely on Plaintiff's failure to respond to the motion.

11

written answer and to accept an untimely answer to an RFP. *Id.*[4] In this case, deeming Plaintiffs' denials admitted for untimeliness is too harsh a sanction and undermines the Court's preference to resolve cases on their merits. Nor will Defendant suffer prejudice, given the sanctions remedy the Court will impose, as discussed in the next section. Consequently, the Court in its discretion denies Defendant's request to deem all requests for admission admitted.

### 2. Request for attorney's fees and costs associated with the motion

Plaintiffs failed to serve answers within 30 days of service of Defendant's written discovery. Defendant subsequently sent multiple emails and letters informing Plaintiffs of their failure and offering to extend the deadlines to respond. Plaintiffs then repeatedly failed to meet the extended deadlines. Plaintiffs also failed to respond to the motion to compel or to the request for attorney's fees. At the hearing, Plaintiffs did not offer sufficient reasons to justify the delay.

The Federal Rules of Civil Procedure authorize the Court to order sanctions on a party that has been "properly served with interrogatories under Rule 33" and "fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Defendant incurred unnecessary costs in its multiple efforts to notify Plaintiffs of their failure to timely answer written discovery, in filing the motion to compel and reply, and in preparing for and attending both hearings on the motion. Plaintiffs' failure to respond was not "substantially justified" and there are no "other circumstances" that "make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Consequently, "the court must require" the Lento Law Group "to pay the reasonable expenses, including attorney's fees" caused by the failure to respond to Defendant's discovery requests. *See id.* The

---

[4] The Tenth Circuit case relied upon by Defendant, *Gonzalez de Gomez v. Adams County*, No. 22-1199, 2023 WL 5163988 (10th Cir. Aug. 11, 2023), is not to the contrary. The Tenth Circuit quoted Rule 36(a)(3) for the general rule that matters are deemed admitted when the receiving party fails to respond to requests for admission. *Id.* at *5. That case, however, involved a party who completely failed to respond to RFAs, not as here, one that responded out of time. *See id.* The Tenth Circuit acknowledged that courts have discretion to permit an admission to be withdrawn or amended. *See id.* (quoting Fed. R. Civ. P. 36(b)).

reasonable expenses must be borne by the Lento Law Group, which must not pass any portion of the expenses or fees to either Ms. Quezada or Mr. Herrera.

V.      **REQUEST TO ADJOURN SCHEDULING DEADLINES**

During the October 1, 2025 hearing, Ms. Bojazi informed the Court that she rescheduled her medical appointment and no longer needs to move any deadlines. The *Request to Adjourn Scheduling Deadlines* is therefore moot and will be denied.

**IT IS THEREFORE ORDERED** that:

1. Defendant Gadsden Independent School District's *Motion to Compel Discovery and Depositions from Plaintiffs* (**Dkt. No. 63**) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The Court, in its discretion, **DENIES** Defendant's requests to order Plaintiffs to further answer all interrogatories and requests for production without objection and to deem all requests for admission conclusively admitted.

    b. The Court otherwise **GRANTS** the motion to compel.

    c. Defendant must file an affidavit or declaration in support of the request for attorney's fees **on or before Monday, October 6, 2025**. Plaintiffs must file any response **on or before Tuesday, Oct 7, 2025**.

2. Plaintiffs' *Request to Adjourn Scheduling Deadlines* (**Dkt. No. 72**) is **DENIED as MOOT**.

3. The *Motion to Withdraw as Local Counsel for the Plaintiffs and Local Counsel for the Lento Law Group, P.C. by Attorney Karlos Ulibarri* (**Dkt. No. 81**) is **DENIED without prejudice**. Mr. Ulibarri may file an amended motion to withdraw in accordance with District of New Mexico Local Civil Rule 83.8.

4. Plaintiffs' *Withdrawal of Attorney* (**Dkt. No. 83**) is **GRANTED** and Soleiman Raie is no longer counsel of record in this matter.

5. The Lento Law Group must **on or before October 31, 2025**, communicate with Harry Cooper to facilitate the proper filing of a motion to withdraw as counsel in this case. **Mr. Cooper's failure to file a motion to withdraw in this case on or before October 31, 2025, will result in the Court ordering Mr. Cooper to appear in person for a hearing in the District of New Mexico in Las Cruces to show cause why he failed to comply with this Order.**

6. The Court will vacate and reschedule the settlement conference by separate notice. Defense counsel must email Ms. Bojazi and the Court **on or before October 6, 2025,** regarding which date the defense prefers for the settlement conference.

**SO ORDERED.**

_____
**THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE**