UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN HERRERA and ORALIA
QUEZADA, individually and as next
friends for their minor child, J.H.,

    Plaintiffs,

v.                                                                                                    No. 2:24-cv-127 GBW/GJF

GADSDEN INDEPENDENT SCHOOL
DISTRICT,

    Defendant.

## ORDER GRANTING ATTORNEY'S FEES

This matter comes before the Court on the Defendant Gadsden Independent School District's request for attorney's fees in its *Motion to Compel Discovery and Depositions from Plaintiffs* (Dkt. No. 63). In a previously filed Memorandum Opinion and Order (Dkt. No. 84), this Court granted the motion to compel in part. As relevant here, the Court concluded that "Defendant incurred unnecessary costs in its multiple efforts to notify Plaintiffs of their failure to timely answer written discovery, in filing the motion to compel and reply, and in preparing for and attending both hearings on the motion." Mem. Op. and Order 12, Dkt. No. 84. Finding that "Plaintiffs' failure to respond was not 'substantially justified' and there are no 'other circumstances' that 'make an award of expenses unjust,'" the Court ruled under Federal Rule of Civil Procedure 37(d)(3) that the Lento Law Group, the law firm representing Plaintiffs, must pay the reasonable expenses, including attorney's fees, caused by its failure to respond to Defendant's discovery requests. *Id.* The Court ordered Defendant to file an affidavit in support of the request for attorney's fees by October 6, 2025, and Plaintiffs to file any response on or before October 7, 2025. *Id.* at 13.

Defendant timely filed affidavits in support of the request. *See* Affs., Dkt. Nos. 86 & 87. Plaintiffs did not file a timely objection opposing the requested attorney's fees and costs. Under this District's local rules, Plaintiff's failure to respond to a motion, "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Additionally, the Court, having considered the record, the affidavits, and the applicable law, concludes that Defendant's request as to the amount of attorney's fees is supported by the affidavits and is reasonable, and thus, will grant the requested fees under Federal Rule of Civil Procedure 37(d)(3).

## I.  APPLICABLE LAW

The moving party's "burden in an application for attorneys fees is to prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted). The party should provide "evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Attorneys should keep meticulous time records to show the time allotted to specific tasks. *Jane L.*, 61 F.3d at 1510. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The moving party should also "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Furthermore, the party seeking fees "must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (internal quotation marks and citations omitted). A court may in its discretion use relevant factors, including its own knowledge, to determine the prevailing market rate. *Id.* at 1225. "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs'

counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L.*, 61 F.3d at 1509 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1964)).

The Tenth Circuit reviews "for abuse of discretion the district court's decision to award Rule 37 attorney fees and the amount of the award" and reviews "underlying factual findings for clear error." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012). "A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (internal quotations and citation omitted).

## II.     ANALYSIS

This Court has reviewed the *Affidavit of Denise M. Chanez Regarding Attorneys' Fees* (Dkt. No. 86) and the *Affidavit of Kateri G. West Regarding Attorneys' Fees* (Dkt. No. 87), as well as the billing records. Ms. Chanez, an attorney with nearly twenty years of experience, charges a billing rate of $230.00 per hour, plus gross receipts tax ("GRT"). Chanez Aff. ¶¶ 3-4, Dkt. No. 86. Ms. Chanez spent 4.8 hours on tasks associated with the motion to compel, for a total amount of $1,188.18. *Id.* ¶¶ 5-6. Ms. West, an attorney with four years of experience, charges a billing rate of $185.00 per hour, plus GRT. West Aff. ¶¶ 3-4, Dkt. No. 87. Ms. West spent 16.1 hours on tasks associated with the motion to compel, for a total of $3,205.61. *Id.* ¶¶ 5-6.

The Court finds that defense counsel's respective hourly rates comport with the prevailing market rate for similar services by comparable lawyers in New Mexico. *Cf. Munoz v. FCA US LLC*, Civ. No. 17-881 WJ/SCY, 2020 WL 6126454, at *3 (D.N.M. Feb. 28, 2020) (citing cases in which hourly rates ranging from $250 to $350 were awarded in New Mexico); *Los Alamos Nat'l Bank, N.A. v. Fidelity Bank*, 1:18-cv-00613-KG-JHR, 2019 WL 4816692, at *5 (D.N.M. Oct. 1, 2019) (awarding hourly rates of $350.00 per hour for attorney with eleven years of experience and

$225.00 per hour for attorney with five years of experience); *Environmental Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, Civ 16-1056 WJ/JHR, 2018 WL 6069101, at *4 (D.N.M. Nov. 20, 2018) (awarding hourly rates of $350.00 and $220.00). The Court further finds the amount of time spent on compensable tasks and the requested total for both Ms. Chanez's and Ms. West's attorney's fees reasonable and appropriate under the circumstances.

**IT IS THEREFORE ORDERED** that the Lento Law Group must **no later than November 10, 2025**, pay defense counsel **$4,393.79** as reasonable expenses incurred by Defendant in bringing and litigating its motion to compel. The reasonable expenses must be borne by the Lento Law Group, which must not pass any portion of the expenses or fees on to either Ms. Quezada or Mr. Herrera.

**SO ORDERED.**

_____
**THE HONORABLE GREGORY J. FOURATT**
**UNITED STATES MAGISTRATE JUDGE**

4