## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RUBEN HERRERA and ORALIA
QUEZADA, *individually and as next
friends for their minor child,* J.H.,

      Plaintiffs,

v.                                                                                  Civ. No. 24-127 GBW/GJF

GADSDEN INDEPENDENT
SCHOOL DISTRICT,

      Defendant.

## <u>ORDER FOR THE PRODUCTION OF CASE RECORDS</u>

THIS MATTER comes before the Court on the Joint Motion For Approval of a

Settlement Involving a Minor Child, J.H. (*doc. 105*), the Motion to Extend Deadline to

File Sealed Guardian Ad Litem Report and to Continue Fairness Hearing (*doc. 111*), and

the hearing on the Court's Order to Show Cause (*docs. 114, 115, 117, 120*).

The parties have reached a settlement to resolve all claims in the case.  Those

claims include those of a minor child.  Therefore, court approval of the settlement is

necessary.  *See United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967) (applying New

Mexico law to find a "special obligation to see that [minors are] properly represented"

in settlement agreements); *Shelton v. Sloan*, 977 P.2d 1012, 1020 (N.M. Ct. App. 1999)

(stating that courts must review the fairness of a settlement agreement to any minors

involved).  To assist in this review, the Court has appointed Lucinda R. Silva as

Guardian ad Litem ("GAL") for J.H. *See doc. 104.* To provide a report on the settlement, GAL Silva requires comprehensive information regarding the case, its litigation, and the various fees and costs incurred. *Id.*

Dolores Bojazi has been the primary attorney of record for Plaintiffs since June 2025. *See doc. 61.* Furthermore, she was the attorney who represented Plaintiffs during the telephonic settlement conference conducted by Magistrate Judge Gregory Fouratt. *See doc. 100.* Ms. Bojazi was affiliated with Lento Law Group, P.C. when she entered her appearance, but has since left the firm. *See docs. 79, 115.* Nonetheless, as no other attorney has substituted for Ms. Bojazi, she remains counsel for Plaintiff. In order to continue representing Plaintiffs and to assist the Guardian ad Litem and Court to review the putative settlement, Ms. Bojazi requires access to the Plaintiffs' client file.

According to Ms. Bojazi, the entire client file remains in the custody and control of her previous law firm which had been known as Lento Law Group, P.C. However, since her departure, Lento Law Group, P.C. has become LLG National Law Group. The conclusion that LLG National Law Group is the successor to Lento Law Group is supported by many facts. First, both Ms. Bojazi and GAL Silva, as officers of the court, have advised the court of the connection. Second, various internet and social media platforms reveal an underlying connection between Lento Law Group, P.C. and LLG

National Law Group.[1]  Third, the minority shareholder of Lento Law Group, Wayne Pollock, Esq., is "Of Counsel" and the "Director of Communication/Public Relations" for LLG National Law Group.  *Office of Disciplinary Counsel v. Lento*, 3063 Disciplinary Docket 3, 80 DB 2022, at 3 (Pa. Nov. 19, 2024).  Thus, the Court is convinced that the client file is currently held by LLG National Law Group.

IT IS THEREFORE ORDERED that the LLG National Law Group shall produce and release to Dolores Bojazi, counsel of record for Plaintiffs, the entire client file and case records related to the above captioned matter.  The "client file" shall be construed to include **all** documents related to the above captioned matter, whether stored electronically or in writing.  Documents include, but are not limited to: (1) correspondence (electronic or physical) related to the case between attorneys, or to and from third parties, or to and from the clients; (2) cost accounting and receipts; (3) fee agreements; (4) medical records for any plaintiff; (5) all discovery obtained or exchanged; (6) contracts, settlement agreements, and releases; and (7) any draft settlement agreements or releases.

The Lento Law Group/LLG National Law Group shall produce the client file to counsel of record, Dolores Bojazi, within **21 days of entry of this order**.  Ms. Bojazi shall

---

[1] The firm's LinkedIn page is still entitled "Lento Law Group, P.C." and links to the LLG National website. *See* https://www.linkedin.com/company/llgnationallawgroup (last visited April 8, 2026). Further, the LLG National website itself still refers to the firm as "The Lento Group" or "Lento" on various webpages including the firm's "ADA Law" page, "Social Security" page, and "Insurance Fraud" page. *See* https://llgnational.com (last visited April 8, 2026).

file a notice on the docket after this 21-day period informing the Court of whether she

has or has not received the client file.  If LLG National Law Group claims that it does

not possess the client file, it must file a notice explaining the nature of the search

conducted to locate the client file on this court's docket before the deadline above.

Counsel of record, Dolores Bojazi, and local counsel, Karlos Ulibarri, shall send this

order to any and all contacts they have at either Lento Law Group or LLG National Law

Group.  Additionally, the Clerk's Office shall send a copy of this Order to the following

addresses:

**LLG National Law Group**
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012

**Lento Law Group, P.C. / LLG National Law Group**
3000 Atrium Way
Suite #200
Mt. Laurel, NJ 08054

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

4